UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61290-CIV-COHN

PATRICK JAMES,

Magistrate Judge Snow

    Plaintiff,

vs.

STOCK BUILDING SUPPLY, INC.,
JEFF NEDERMAN and LYNNE BEATY,

    Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint [DE 20]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises. The motion became ripe on October 20, 2006.

I. BACKGROUND

Patrick James ("Plaintiff" or "James") filed this action against his former employer, Stock Building Supply, Inc., Stock's chief executive officer and manager, Jeff Nudelman (incorrectly identified as Jeff "Nederman" in complaint), and Lynne Beaty, another employee of Stock (collectively, "Defendants"),[1] for various claims resulting from his conditions of employment and ultimately his termination. James' complaint alleges violations of Title VII and the Florida Civil Rights Act ("FCRA") for race discrimination, unequal pay based upon race, wrongful discharge due to race, and

---

[1] Though "Defendants" will refer collectively to all Defendants, the Court will address the individual liability issues separately.

retaliation. The Complaint also alleges violations of 42 U.S.C. § 1981 for hostile work environment based upon race, wrongful discharge, and retaliation, as well as 42 U.S.C. § 1985 for conspiracy to discharge Plaintiff based upon race.

Plaintiff initially filed a charge of discrimination with the Broward County Civil Rights Divisions and the federal Equal Employment Opportunity Commission ("EEOC") on December 30, 2003. This first charge alleged unequal pay and work conditions based upon race, in particular the denial of a raise and the denial of a request to operate a business outside of work, when a white employee was given permission. (Exhibit A to Defendants' Memorandum of Law in Support of Motion to Dismiss [DE 20]). A second charge was initially filed on July 19, 2004, alleging retaliation by demotion, suspension and discharge all within 5 months of filing of the initial charge. (Exhibit B to Defendants' Memorandum). This second charge was amended on May 31, 2005 to add race as a basis for the discrimination. A Notice of Right to Sue letter was issued on the second charge on August 29, 2005, and on the first charge on September 16, 2005.

This case was originally filed in state court on December 8, 2005, but not served upon Defendants until August 4, 2006.[2] Defendants removed the action to federal court on August 22, 2006. After receiving an extension of time to respond, Defendants timely moved to dismiss Plaintiff's complaint. Plaintiff filed a response to the motion and Defendants filed a reply.

---

[2] Defendants state that Defendant Nudelman was never served.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

In its Motion to Dismiss, Defendants assert that certain of Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.  It is long settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover.  Cramer v. Florida, 117 F.3d 1258, 1262 n. 8 (11th Cir. 1997); see also Marsh, 268 F.3d  at 1023; Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

### B.  Timeliness of Filing Suit and Service

Title VII requires a plaintiff to file suit within ninety (90) days of receipt of a notice of the right to sue.  42 U.S.C. § 2000e-5(f)(1).  The plaintiff has the burden to prove that he has adhered to the requirement, and the 90 day period begins to run upon receipt of a certified letter at the plaintiff's residence.  See Norris v. Florida Department of Health and Rehabilitative Services, 730 F.2d 682 (11th Cir.1984); Law v. Hercules, Inc., 713 F.2d 691 (11th Cir.1983).  In this case, Plaintiff concedes that he did not file the Complaint within 90 days of receiving the Notice of Right to Sue letter on the second charge, but asserts that the state law claims should not be dismissed, as the case was filed within the state statute of limitations.  Joshua v. City of Gainesville,

768 So.2d 432, 433 (Fla. 2000).

Defendants do not directly address this argument in its reply memorandum. Plaintiff argues that even if it missed the deadline to preserve its Title VII claims stemming from the second charge of discrimination, the Florida Civil Rights Act claims remain valid. Neither party discusses the ramifications of any file sharing agreements when charges of discrimination are investigated by one agency on behalf of another, if such agreements are relevant to this case. Because Defendants do not appear to dispute Plaintiff's contention that the FCRA claims of retaliation remain valid, the Court will only dismiss the Title VII claims (Counts III and IV) stemming from the second charge as untimely under 42 U.S.C. § 2000e-5(f)(1).

Defendants also seek dismissal of the entire lawsuit pursuant to Rule 4(m) for failure to serve the complaint within 120 days of filing. In response to this argument, Plaintiff asserts that because Defendants did not raise this argument in their first responsive pleading, that argument has been waived. As noted above, after timely removal, Defendant received an extension of time to respond to the complaint. However, the 120 day service requirement in Rule 4(m) of the Federal Rules of Civil Procedure allows for an extension of that deadline. The Court concludes that granting the motion to dismiss based upon the delay in service in this case, where service was made approximately 240 days after filing, would render an undue hardship upon the Plaintiff, despite his attorney's unexplained delay in service. The few extra months

4

delay does not work a significant hardship upon Defendants.[3]

## C. Individual Liability

Defendants also move to dismiss the Title VII and FCRA claims against individual defendants Nudelman and Beaty.  The United States Court of Appeals for the Eleventh Circuit has now clearly stated that "we now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company."  Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis in original).  Therefore, Counts I and II are dismissed as to Beaty and Nudelman.

Turning next to the FCRA claims in Counts X through XIV, typically, claims for race discrimination under the FCRA are treated under the same legal standard as the federal Title VII claims.   The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII.  Harper v. Blockbuster Entertainment Corporation, 139 F.3d 1385, 1387 (11th Cir. 1998) (citing Ranger Ins. Co. v. Bal Harbour Club, Inc., 549 So.2d 1005, 1009 (Fla.1989); Florida State Univ. v. Sondel, 685 So.2d 923, 925 n. 1 (Fla. Dist. Ct. App.1996); Kelly v. K.D. Construction of Fla., Inc., 866 F.Supp. 1406, 1411 (S.D.Fla.1994)).

---

[3] Defendants also assert that individual defendant Jeff Nudelman has never been served.  Plaintiff does not address the issue of service upon Nudelman.  Since nearly one year has now passed since filing of the Complaint, it is appropriate to dismiss Defendant Nudelman for lack of service.

In this instance, Plaintiff acknowledges the above caselaw, but asks this Court not to dismiss the individual defendants under the FCRA because Florida courts have not specifically reached that conclusion. However, as noted in the reply memorandum, several federal district courts in Florida have dismissed such claims against individuals. See Lapar v. Porter, 395 F.Supp.2d 1152, 1160 (M.D.Fla 2005); Huck v. Mega Nursing Services, Inc., 989 F.Supp. 1462, 1464 (S.D.Fla. 1997); Sanders v. Mayor's Jewelers, 942 F.Supp. 571, 574 (S.D.Fla. 1996). Upon a review of the Florida caselaw linking the FCRA to interpretations of Title VII, this Court concludes that there is no individual liability under the FCRA, as such liability is limited to employers. Therefore, the claims in Counts X through XIV under the FCRA are dismissed as to individual defendants Nudelman and Beaty.

Turning back to the Section 1981 claims, the Court notes that Counts VI and VII only seek relief against Defendant Stock Building. As for Counts VIII and IX, while Plaintiff sues all Defendants, there is mention of Defendant Beaty's role in any retaliation. Defendants assert that Beaty is not alleged to even be a supervisor in the complaint. Although an individual can be a defendant under a Section 1981 claim, only "[s]upervisors with the capacity to hire and fire or those who can recommend such decisions are subject to liability under § 1981." Leige v. Capitol Chevrolet, Inc., 895 F.Supp. 289, 293 (M.D.Ala. 1995). Upon a reading of the Complaint, Beaty is alleged to be "employed" by Defendant Stock Building, with no explanation as to her position. (Complaint, ¶ 7.) She is accused of making false allegations against Plaintiff. (Id., ¶ 27.) These allegations fall short of stating a Section 1981 claim for retaliation against

Beaty. Therefore, Defendant Beaty is dismissed from Counts VIII and IX for failure to state a claim.[4]

### D.  Conspiracy Claim

Plaintiffs sue all Defendants for conspiracy to violate his civil rights in Count V pursuant to Section 1985.  Defendants move to dismiss this claim on the basis of the intracorporate conspiracy doctrine, which "holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000).  However, the McAndrew decision went on to hold that the criminal conspiracy exception to the intracorporate conspiracy doctrine applies to Section 1985 claims.  Therefore, the Court will not dismiss the conspiracy claim in Count V based upon the intracorporate conspiracy doctrine.

### E.  Scope of Remaining Claims

Defendants move to dismiss all allegations of the Complaint that arise from the untimely Second Charge of discrimination discussed above.   However, there are retaliation claims that are part of the FCRA claims in Counts XI, XII and XIII that are not being dismissed.  Defendants are correct that Plaintiff cannot maintain a claim for hostile work environment.  Although no specific count claims hostile work environment,

---

[4] The allegations as to Defendant Nudelman are sufficient, as he is alleged to be Chief Executive Officer (¶ 9) and to have suspended (¶ 29) and terminated Plaintiff.

the allegations in paragraph 61 of the Complaint appear to allege one. The Court agrees that no claims that are beyond the scope of the two charges of discrimination, such as a hostile work environment claim or an Americans with Disabilities Act claim, remain in the case.

Finally, the Court rejects Plaintiff's suggestion of remand of the state law claims. As Defendants point out, this Court has diversity jurisdiction over the state law claims, in addition to supplemental jurisdiction given that not all federal claims are being dismissed.

### III.  CONCLUSION

The Court grants the motion to dismiss as to Counts III and IV (Title VII claims arising from second charge); Counts I and II (Title VII) and X through XIV (FCRA) as to individual defendants Nudelman and Beaty; Counts VIII and IX (Section 1981) as to defendant Beaty; and all claims against defendant Nudelman for failure to serve him.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Complaint [DE 20] is hereby **GRANTED in part** and **DENIED in part**;

2. All claims against Defendant Jeff Nudelman are **DISMISSED** for failure to serve;

3. All claims against Defendant Lyn Beaty are **DISMISSED** for failure to state a claim, as discussed above, except for the Section 1985 claim in Count V;

4. The claims in Counts III and IV under Title VII for retaliation, including wrongful discharge are **DISMISSED**;

5. Defendants Stock Building Supply and Beaty shall file their answer to the

8

remaining claims by December 14, 2006.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of November, 2006.

JAMES I. COHN
United States District Judge

copies to:

Anthony M. Georges-Pierre, Esq.

Juan Enjamio, Esq.

A. Todd Brown, Esq./Jacqueline Yount, Esq./Zandro Palma, Esq.